# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RALPH STATZER,

        Petitioner,   :  Case No. 1:18-cv-626

- vs -       District Judge William O. Bertelsman
      Magistrate Judge Michael R. Merz

DAVID MARQUIS, Warden,
  Richland Correctional Institution,

                          :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 23) to the Magistrate Judge's Report and Recommendations (the "Report"; ECF No. 17) recommending the Petition be dismissed with prejudice. As permitted by Fed.R.Civ.P. 72(b), the Warden has filed a timely response to the Objections (ECF No. 26). Without seeking or obtaining court permission, Petitioner filed a Reply to the Warden's Response (ECF No. 29); such a reply is not authorized by Fed.R.Civ.P. 72(b).

District Judge Bertelsman has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (ECF No. 25).

The Petition pleaded two grounds for relief: ineffective assistance of trial counsel (Ground One) and denial of Statzer's rights under the Confrontation Clause (Ground Two)(Petition, ECF No. 1, PageID 2-3). The Report concluded Statzer had abandoned Ground Two (ECF No. 17, PageID 1009). Statzer makes no objection to that conclusion and it should therefore be adopted.

1

The sole ground for relief that remains for adjudication is Petitioner's claim that he received ineffective assistance of trial counsel.

The Report summarizes the litigation history at length (ECF No. 17, PageID 983-95). A precis of that summary is as follows: Statzer was convicted in a bench trial of four counts of rape by oral penetration of his granddaughter M.S. Both M.S. and Statzer testified so that the trial judge had what our system usually regards as the best opportunity for testing credibility: simultaneous open court testimony by the victim and perpetrator who knew one another well. The trial judge expressly found that Statzer's testimony was not credible.

Statzer was represented at trial by Attorney Justin W. Bartlett; it is the effectiveness of his representation that is at issue in this proceeding. On appeal, Statzer was represented by Attorney Fred Miller whose effectiveness is not questioned here. While the direct appeal was still pending but before it was decided, Attorney Christopher Pagan assumed the representation by filing a petition for post-conviction relief and continues that representation to the present.

On direct appeal, Statzer raised a claim of ineffective assistance of trial counsel, which he now calls the "incomplete" claim, which the Twelfth District Court of Appeals denied on the merits. He then raised what he calls the complete claim of ineffective assistance of trial counsel in post-conviction. The trial court denied that claim on *res judicata* grounds and the Twelfth District affirmed. The Report concluded the Twelfth District's decision was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).

**Petitioner's Objections**

Statzer raises seven objections to the Report.

**Objection One: Unconstitutionality of Ohio's *Res Judicata* Doctrine**

Statzer asserts "the report and recommendation failed to address Statzer's claim that the application of *res judicata* was unconstitutional as applied in the case." (Objections, ECF No. PageID 2018).

Petitioner asserts this claim was made in his post-conviction appeal but ignored by the Twelfth District. In his brief on appeal from denial of post-conviction relief, Statzer argued "Applying res-judicata to preclude adjudication of an effective-assistance claim based on known but disregarded evidence is unconstitutional." (Appellant's Brief, State Court Record ECF No. 4, PageID 311, citing *Brown v. Western Railway of Alabama,* 338 U.S. 294, 295 (1949), and *Felder v. Casey,* 487 U.S. 131, 134-137 (1988)). Statzer then included this claim in his Petition here, asserting: "The state court's refusal to adjudicate Statzer's effective assistance claim on the merits was unconstitutional where Statzer elicited evidence de hors [sic] the record in postconviction litigation." (Petition, ECF No. 1, PageID 3.)

Statzer is correct that the Twelfth District did not address his constitutional argument. Neither did the Report, probably because the constitutionality claim was not addressed in Petitioner's Traverse (ECF No. 12). This objection is therefore well-taken and the unconstitutionality claim will be addressed here.

This claim was presented to the Twelfth District which did not grant relief. When a state court rules against a defendant in an opinion that rejects some of the defendant's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 568 U.S. 289 (2013). The presumption cannot be irrebuttable because sometimes state courts completely overlook federal claims. *Id*. Statzer's constitutionality claim is logically separable from the other claims he made

3

on appeal from the post-conviction denial. The Magistrate Judge concludes, therefore, that the presumption the Twelfth District decided this claim on the merits is rebutted by the Twelfth District's complete silence on the question. Habeas review must therefore be de novo, rather than conducted with AEDPA deference under 28 U.S.C. § 2254(d)(1).

Statzer's claim as the Magistrate Judge understands it is that he was entitled to have his ineffective assistance of trial counsel claim heard on the merits, i.e., by having the Ohio courts consider that claim in the light of the evidence he presented in post-conviction, rather than precluding that consideration by applying Ohio criminal *res judicata* doctrine.

Statzer does not ground his claim in any cited provision of the United States Constitution, whether the Fair Trial Clause of the Sixth Amendment or the Due Process Clause of the Fourteenth Amendment to United States Constitution. Instead he relies *Brown* and *Felder, supra*.

In *Brown*, a railroad employee brought an action in the Georgia courts under the Federal Employers' Liability Act ("FELA"). FELA claims sound essentially in tort but are governed by federal substantive law. The Georgia courts had sustained a general demurrer[1] to Brown's complaint on the ground that it failed to state a claim upon which relief could be granted when, as Georgia practice required, the complaint was construed most strongly against the pleader. The Supreme Court held it was not bound by the Georgia courts' construction of the complaint. The Court held:

> Strict local rules of pleading cannot be used to impose unnecessary burdens upon rights of recovery authorized by federal laws. "Whatever springs the State may set for those who are endeavoring to assert rights that the State confers, the assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of local practice." *Davis v. Wechsler, supra,* at 24. Cf. *Maty v. Grasselli Chemical Co.,* 303 U.S. 197. Should this Court fail to protect federally created rights from dismissal because of over-

---

[1] A general demurrer was the equivalent of a motion to dismiss with prejudice for failure to state a claim upon which relief could be granted under Fed.R.Civ.P. 12(b)(6).

4

> exacting local requirements for meticulous pleadings, desirable uniformity in adjudication of federally created rights could not be achieved. See *Brady v. Southern R. Co.*, 320 U.S. 476, 479.

338 U.S. at 298-99. An important but unstated predicate for the decision is that Congress had created the substantive rights protected by FELA and prescribed that the state courts would have concurrent jurisdiction with the federal courts to hear FELA cases.

In *Felder, supra,* the Wisconsin courts dismissed an action under 42 U.S.C. § 1983 because plaintiff had failed to comply with the Wisconsin rule requiring 120 days' notice of intent to file a suit against the State. Plaintiff, who was black, brought suit against white Milwaukee police officers for allegedly beating him in the course of an arrest. In an opinion by Justice Brennan, the Court held

> Because the notice-of-claim statute at issue here conflicts in both its purpose and effects with the remedial objectives of § 1983, and because its enforcement in such actions will frequently and predictably produce different outcomes in § 1983 litigation based solely on whether the claim is asserted in state or federal court, we conclude that the state law is pre-empted when the § 1983 action is brought in a state court.

487 U.S. at 139. As with FELA claims, the state courts have concurrent jurisdiction over claims under 42 U.S.C. § 1983. *Howlett v. Rose*, 496 U.S. 356 (1990).

In both the FELA and § 1983, Congress created federal causes of action for violation of federal substantive law, as embodied in the FELA itself and as created directly by the United States Constitution in the case of § 1983.[2] Congress has not, however, ever created a cause of action for a person who alleges deprivation of his or her constitutional rights in the course of a criminal

---

[2] § 1983 creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe v. Pape*, 365 U.S. 167 (1961).

conviction. Congress invested the federal courts with habeas corpus jurisdiction in the Judiciary Act of 1789, but that jurisdiction was only extended to persons in state jurisdiction after the Civil War. The Supreme Court did not treat habeas jurisdiction as extending to state convictions unconstitutionally obtained until *Brown v. Allen*, 344 U.S. 443 (1953). Although that jurisdiction continued to expand during the Warren Court years, both substantively by incorporation of federal constitutional rights into the Fourteenth Amendment and procedurally, the Court itself began to impose restrictions under Chief Justice Burger. See, *Stone v. Powell*, 428 U.S. 465 (1976)(Fourth Amendment claims not generally litigable in habeas); *Wainwright v. Sykes*, 433 U.S. 72 (1977)(state court remedies for constitutional violations must be exhausted before invoking habeas). Of course in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Congress itself imposed even more procedural restrictions on habeas, e.g., a statute of limitations and a high barrier to second or successive petitions.

In sum, unlike the FELA and the Civil Rights Act of 1871, Congress has never created a cause of action for state prisoners to litigate, post-conviction, a claim that their conviction is unconstitutional. Nor has the Supreme Court ever recognized an implied right of action for such persons. Compare *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). There is no concurrent state court jurisdiction over federal habeas corpus claims. Rather, the federal courts require persons convicted of state crimes to exhaust whatever remedies the State has created.

In Ohio persons convicted of criminal offenses have a right, under Ohio law, to direct appeal to an intermediate court of appeals. But that is a state-created remedy. There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v.*

6

*Michigan*, 545 U.S. 605 (2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

Persons convicted of felonies in Ohio courts also have a right to file a petition for post-conviction relief under Ohio Revised Code § 2953.21, but the contours of that remedy are entirely a matter of Ohio law. The Supreme Court of the United States has never held that a State must provide such a remedy at all, much less what procedures must be followed. Post-conviction state collateral review is not a constitutional right, even in capital cases. *Murray v. Giarratano*, 492 U.S. 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975); *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)(claims of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because not constitutionally mandated). *Accord, Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001); *Johnson v. Collins,* 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F.3d 173 (5th Cir.1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd.*,336 F.3d 478 (6th Cir. 2003). The Sixth Circuit has reaffirmed this holding as recently as the first of this month. *Hugueley v. Mays*, ___ F.3d ___, 2020 U.S. App. LEXIS 20541 (6th Cir. Jul. 1, 2020), citing *Murray* and *Lackawanna Cty. Dist. Att'y v. Coss,* 532 U.S. 394, 402 (2001).

Because there is no constitutional right to post-conviction process in state courts, *a fortiori* there is no constitutional right to a state court post-conviction evaluation of whether newly-presented evidence proves ineffective assistance of trial counsel.

**Objection Two: The Ohio Courts Misapplied Ohio *Res Judicata* Doctrine**

Statzer raises two objections related to the application of Ohio *res judicata* doctrine to his case by the Ohio courts:

> The report and recommendation is faulty in failing to parse the trial-record evidence and the new postconviction evidence to determine whether the Ohio Court of Appeals properly applied res judicata

(Objections, ECF No. 23, PageID 1025).

> The report and recommendation is faulty for failing to parse the three asserted grounds for res judicata for their compliance with Ohio procedural law, for failing to overrule procedural bar in habeas because the Ohio Court of Appeals found it adjudicated the incomplete and complete IAC claim on direct appeal, and by declining to find the JFS report and investigator's affidavit contained relevant and new IAC evidence that satisfied the de-hors [sic]-the-record exception to res judicata.

(Objections, ECF No. 23, PageID 1028).

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), has been repeatedly held by the Sixth Circuit to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

But, says Statzer, that is true only if the Ohio courts correctly apply *res judicata* doctrine and they did not do so here (Objections, ECF No. 27, PageID 1025, citing *Richey v. Bradshaw*, 498 F.3d 344, 359-360 (6th Cir. 2007)). The opinion in *Richey* was rendered on remand from the United States Supreme Court which had reversed the Sixth Circuit's holding on transferred intent in a murder case. *Bradshaw v. Richey,* 546 U.S. 74 (2005). In part the Sixth Circuit relied on evidence collected in habeas discovery which is no longer possible in light of *Cullen v. Pinholster*, 563 U.S. 170 (2011). In part the Sixth Circuit found the Supreme Court's remand allowed it to find "that the State's failure to object to our consideration of the newly developed evidence functions as a blanket waiver of its right to argue that we are confined by state-court factual findings or that Richey has

8

procedurally defaulted his ineffective-assistance claim." 498 F.3d at 351. These distinctions mean that *Richey* is not directly applicable here.

> The *Richey* Court described Ohio's *res judicata* doctrine in general as follows:
>
>> The Ohio procedural rule that the state post-conviction court relied upon in dismissing Richey's ineffective-assistance claim provides that the claim must be raised on direct appeal where it does not depend on evidence outside the record and where the defendant is represented by new counsel. *State v. Cole,* 2 Ohio St. 3d 112, 2 Ohio B. 661, 443 N.E.2d 169, 171 (Ohio 1982). If the requirements of this res judicata rule are met, an ineffective-assistance claim asserted in a post-conviction petition must be dismissed. On the other hand, "allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies of [O.]R.C. 2953.21." *State v. Coleman,* 85 Ohio St. 3d 129, 1999 Ohio 258, 707 N.E.2d 476, 483 (1999); accord Byrd v. Collins, 209 F.3d 486, 521 (6th Cir. 2000) (stating that Ohio's res judicata rule "has been consistently interpreted to stand for the proposition that a claim of ineffective assistance of trial counsel, which is dependent upon evidence outside the record, is to be raised in a post-conviction proceeding rather than on direct appeal").

498 F.3d at 359. However, the *Richey* Court further held "[w]e have declined to observe Ohio's procedural bar and instead have proceeded to the merits of an ineffective-assistance claim when we have concluded that Ohio improperly invoked its res judicata rule." *Id.* citing *Hill v. Mitchell*, 400 F.3d 308, 314 (6th Cir. 2005); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *White v. Mitchell,* 431 F.3d 517, 526-27 (6th Cir. 2005); and *Linscott v. Rose*, 436 F.3d 587, 592 (6th Cir. 2006)[3].

In *Richey* there was a great deal of evidence available to Richey in both post-conviction and in habeas which had not been available to him at trial, so it was relatively easy to find his post-conviction and habeas ineffective assistance of trial counsel claims "depended" on evidence

---

[3] *Richey, Hill, Greer,* and *White* are all capital cases. Because "death is different," *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976), one must be careful in applying capital case precedent in non-capital cases, even when the deciding court has not said it is applying a different standard because the case is capital.

9

outside the record. The Sixth Circuit did not have occasion to analyze how much dependence there must be to satisfy the Ohio rule.

Nor did the *Richey* Court discuss the usual rule that federal habeas courts are bound by state court interpretations of state law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

In this case we are confronted with a state appellate decision which discussed in detail the evidence presented in post-conviction. In addition to holding relief was barred by *res judicata*, it found the newly-presented evidence was not "competent, material, and relevant evidence outside the appellate record." *Statzer*, 2018-Ohio-363, ¶ 22. For reasons discussed at length in the Report, the Magistrate Judge agrees that what was presented in post-conviction was, as the Twelfth District found, merely a re-packaging of what was available to raise on direct appeal. Statzer simply has not shown that the Twelfth District's decision on the *res judicata* issue unreasonably applies clearly established Supreme Court precedent or even that is misapplies Ohio *res judicata* law.

**Objection Three: Appellate Counsel is Not to Blame for the Incomplete Record on Direct Appeal**

In his Third Objection, Statzer asserts:

> The report and recommendation is also faulty in blaming appellate counsel for failing to place the JFS report and investigator's affidavit in the trial record for appeal. Ohio law prohibited it. The JFS report and investigator's affidavit were not original papers, were not filed

10

>exhibits, and are not a transcript—so they were excluded from the trial record on appeal by App.R. 9(A).

(Objections, ECF No. 23, PageID 1025).

While the Magistrate Judge professes no deep acquaintance with Ohio appellate practice, surely it cannot be the case that when a trial court excludes an exhibit and the appellant assigns that exclusion as error, the appellate court is precluded from considering the excluded exhibit. Statzer offers no interpretive case law related to Ohio App. R. 9(A) that shows appellate counsel could not have included the excluded JFS report in the record the Twelfth District saw if its exclusion was claimed to be error.

**Objection Four: The Twelfth District's Decision of the Ineffective Assistance of Trial Counsel Claim on Direct Appeal is An Unreasonable Application of Clearly Established Federal Law**

As his fourth objection to the Report, Statzer asserts in two places:

>The report and recommendation is faulty about the Ohio Court of Appeals' IAC decision on direct appeal. It unreasonably adjudicated the incomplete Keith and Eckman IAC claims under AEDPA—precluding deference—by not applying the *Strickland* two-part test.

(Objections, ECF No. 23, PageID 1026).

>**The report and recommendation is faulty in finding a reasonable adjudication of the incomplete IAC claim under ADEPA [sic].**

(Objections, ECF No. 23, PageID 1029).

Ineffective assistance of trial counsel was Statzer's second assignment of error on direct appeal. In deciding it, the Twelfth District recognized the controlling authority of *Strickland v. Washington,* 466 U.S. 668 (1984), both as to deficient performance and prejudice. State v. Statzer, 2016-Ohio-7434 ¶ 16 (Ohio App. 12th Dist. Oct. 31, 2016). As to the first allegation of ineffective assistance of trial counsel, the Twelfth District found there was no deficient performance:

11

> [*P18] Statzer contends that counsel was ineffective during the rape shield hearing and should have inquired further of the victim concerning the alleged false allegation of rape. This argument is meritless for the reasons set forth in our discussion on the first assignment of error. Statzer failed to demonstrate that the victim made a false accusation. Moreover, even if he had met his burden of proving that the accusation was false, further cross-examination at trial would be precluded by the rape shield law because there was sexual activity involved.

The court rejected a claim that counsel was ineffective for not arguing the rape shield statute was unconstitutional as applied because it found no such unconstitutionality. *Id.* at ¶ 20. As to the claimed failure to confront M.S. with the affidavit of the relative who claimed she admitted she was pressured into making the accusations, the court found no deficient performance because M.S. was confronted with the averment from the affidavit. *Id.* at ¶ 22. In any event, the affidavit was not M.S.'s prior inconsistent statement, but hearsay about what the relative said M.S. had admitted. It is difficult to imagine how it became deficient performance to fail to use the piece of paper as opposed to its content. Lastly, the court found no deficient performance in failing to subpoena the affiant a third time and, in any event, no proven resulting prejudice. Evaluation of a *Strickland* claim does not require discussion of both prongs of the test when the claim fails on one.

On reconsideration, the Magistrate Judge again concludes the Twelfth District's decision of the so-called "incomplete" ineffective assistance of trial counsel claim on direct appeal is entitled to AEDPA deference.

**Objection Five: Failure to Review the "Complete" Ineffective Assistance of Trial Counsel Claim De Novo**

**Statzer's last objection is** "the report and recommendation is faulty in failing to give the complete IAC claim a merits review." (Objections, ECF No. 23, PageID 1029).

For the reasons given in the Report, the Magistrate Judge again concludes merits review of

12

the "complete" claim was based by Ohio's criminal *res judicata* doctrine, enforced by both the trial court and the Twelfth District, and repeatedly upheld by the Sixth Circuit as an adequate and independent state ground of decision. . *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 23, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond

to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.